JUAN DE DIOS SANTINI, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents. JOSÉ RIVERA RIVERA, Injured Workman.

No. 183. Argued January 8, 1940.—Decided March 15, 1940.

*R. Rivera Zayas* and *Joaquín Velilla* for appellant. *M. León Parra* for the Industrial Commission. *Víctor J. Vidal González,* Counsel for State Insurance Fund, for defendant.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

This is an appeal taken by Juan de Dios Santini from a decision of the Industrial Commission.

On May 11, 1939, José Rivera Rivera, a workman, filed a petition for compensation in which it was alleged that on May 9, 193_ _, he had suffered an accident while working for his employer, the appellant herein, in the erection of a house in Barranquitas; that the accident occurred on account of the

breaking of a scaffold, the petitioner falling from a height of 17 feet and receiving injuries on different parts of his body; that besides the petitioner there were four more workmen working for said employer and sometimes a larger number just as required; and that, according to his information, Santini was an employee who had failed to insure with the Insurance State Fund.

In its decision the Industrial Commission held that the following facts had been proven:

That Santini, a married man and the attorney in fact of his wife, simulated the sale of 1-cuerda parcel of land in order to give the same to his concubine and her seven children; that he built a house for them, first on his own estate, removing it afterwards to the cuerda conveyed by means of a simulated sale to his concubine Josefa Burgos; that Francisca Rivera Burgos in whose name the permit to build the house was obtained is the same Josefa Burgos who is the concubine of Santini; that the latter engaged and paid the workmen who built the house and that for building the same he employed four workmen, although on the day of the accident only two were working because the house was finished and there only remained the installation of the rain pipes.

Relying on the above findings the commission ruled that Santini was an employer; that as such he had employed four workmen in the building of the house; that consequently it was his duty to take out an insurance under the Workmen's Compensation Act; and that the injured party Rivera was covered by Act No. 45 of 1935.

It is maintained by the appellant that it was error for the commission to overrule the demurrer for insufficiency; that the commission acted without jurisdiction in holding a hearing and rendering the decision appealed from; that it erred in ruling that it was the appellant's duty to insure the injured workman and in holding that the appellant is covered by the provisions of section 15 of Act No. 45 of 1935.

■ The alleged insufficiency of the petition is that it was stated therein "that petitioner herein on May 9, 193__, suffered an accident, etc.," without specifying the year when petitioner was injured. The member of the Commission who conducted the hearing overruled the same and proceeded to hear the evidence introduced by the petitioner. It was clearly established thereby that the accident occurred on May 9, 1939, and that the injured man was admitted to the Clínica Industrial on the 11th of the same month and year. The omission to state the year when the accident occurred was supplied by the evidence. It was not error for the Commission to refuse to dismiss the petition because of a mere technicality.

■ The allegation of want of jurisdiction in the Commission to render the decision appealed from is based on the fact that the case was heard by the president of the Commission, "without there appearing from the record of the present case or from any paper on file any resolution of the Industrial Commission delegating to its president the power to hold this hearing, to hear evidence and to file a report with the Commission." It appears from the record that the demurrer for want of jurisdiction was overruled on the following grounds: (a) because it is provided by section 10 of Act No. 45 of 1935 that after a claim is filed, "either party may notify the Industrial Commission which shall set the case for a hearing by the Industrial Commission or by a commissioner," and, further, that "if the case is set for hearing by a commissioner . . . . . . the decision of the commissioner, together with a statement of the evidence and his finding of facts, rulings of law, and other matters pertinent to the questions brought before him, shall be filed with the Industrial Commission for its decision;" (b) because ever since 1935 it has been the practice of the commission to have the cases heard by one of the commissioners, for lack of sufficient time for the whole Commission to hear them, it being

348

the duty of the commissioner who hears a case to file a written report with the Commission and to submit to it a draft of his decision for approval.

In view of the provisions of sections 6 (*b*) and 10 of Act No. 45 of 1935, and it appearing from the face of the decision appealed from that the same was approved by its president who heard the case and by Commissioner Paz Granela who concurred therein, we are of the opinion that the overruling of the demurrer was not error.

■■ It clearly appears from the evidence heard that it took between four and five weeks to build the house and that the appellant had engaged for the work Frank Zayas and Florentino Negrón as carpenters and Pablo Matos and José Rivera, the injured party, as laborers. This evidence supports the findings made by the Industrial Commission and it is our duty not to disturb them.

Under the facts as proven, it was the employer's duty to insure the workman who suffered the injury. It is provided by section 2 of Act No. 45, approved April 18, 1935, that "This Act shall be applicable to all employers who employ four (4) or more workmen or employees covered by this act, whatever their wages may be." The fact that at the time of the accident there were only two workmen engaged in the work does not relieve the employer from taking out an insurance, as required by law, as soon as he started the work with four or more workmen in his employ.

The decision appealed from must be affirmed.